



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MRG:JOE  *271 Cadman Plaza East*
F. #2022R00309  *Brooklyn, New York 11201*

October 9, 2024

<u>By ECF & E-Mail</u>

The Honorable Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. John Lhota
     <u>Criminal Docket No. 22-411 (FB)</u>

Dear Judge Block:

  The government respectfully submits this sentencing memorandum in advance of defendant John Lhota's sentencing hearing, which is scheduled for October 16, 2024 at 3:00 p.m. Earlier this year, the defendant pleaded guilty to possessing explosive materials while an unlawful user of and addicted to a controlled substance, in violation of Title 18, United States Code, Section 842(i). For the reasons set forth below, the government respectfully requests that the Court impose a sentence within the United States Sentencing Guidelines ("Guidelines") range of 37 to 46 months' imprisonment.

I. <u>Factual Background and Prior Proceedings</u>[1]

  On April 3, 2022, at approximately 9:25 p.m., the New York City Fire Department ("FDNY") responded to an explosion and fire at a multi-story building located at 941 Willoughby Avenue in Brooklyn, New York (the "Building"). The first floor of the Building houses Rash, a nightclub and bar frequented by members of the lesbian, gay, bisexual, transgender and queer (LGBTQ+) community. (<u>See</u> PSR ¶ 3.)

  It took FDNY approximately one hour to extinguish the fire, which severely damaged the Building, and injured two victims, one of whom was hospitalized. The first victim suffered from smoke inhalation and burns to her forehead, ear and face; the second victim suffered from smoke inhalation and second degree burns to her shoulder. Both victims received

---

  [1] Unless otherwise noted, the facts recited below are derived from the Presentence Investigation Report dated Aug. 1, 2024 ("PSR").

medical treatment; the first victim had soot in her mouth and airway, which required intubation. (Id. ¶ 4.)

Security camera and other evidence obtained by the FDNY in its investigation into the fire showed the defendant, at approximately 9:02 p.m. that night, leaving their[2] apartment building, which was approximately a half mile from the Building. Video footage shows the defendant wearing light blue jeans and a grey hooded sweatshirt, and carrying a backpack. Approximately five minutes later after leaving their apartment, the defendant is seen on camera at a nearby gas station using cash to buy a red gas canister, which they then used to fill with gas. (Id. ¶ 5.)

Surveillance video next show the defendant entering the Building at approximately 9:20 p.m., at which point they are shown pouring the gasoline-paper mixture on the floor. The defendant splashed the mixture around a passageway and an adjacent lounge area while two Rash employees prepared the bar for the evening. The defendant then threw a lit cigarette onto the gasoline mixture and walked away. Because a fire did not immediately start, the defendant returned to the site of the pooled gasoline mixture and used what appears to be a cigarette lighter to ignite it, resulting in an explosion. (Id. ¶ 6.)

A witness standing across the street observed the defendant running out of a side door of the Building and fleeing the scene. Security footage from the defendant's apartment building shows the defendant returning to the apartment soon thereafter, having taken a longer and more circuitous route to their home. (Id. ¶ 7.)

On April 6, 2022, the defendant was arrested at their apartment after New York City Police ("NYPD") officers responded to a 911 call placed by the defendant's roommates to inform NYPD that the defendant had just choked one of the female roommates. On April 8, 2022, the victim of that assault identified the defendant as the individual seen on the security camera footage discussed above from the night of the arson. (Id. ¶¶ 8-9.)

On April 14, 2022, the defendant was arrested on the basis of a criminal complaint charging him with arson, in violation of 18 U.S.C. § 844(i). (See ECF No. 1.) They were arraigned before the Honorable Roanne L. Mann, United States Magistrate Judge, who entered an order of detention with leave to reopen and present a bail package at a later date. (See ECF No. 5 & Apr. 14, 2022 Minute Entry.) On September 13, 2022, a grand jury returned an indictment charging the defendant with one count of arson, in violation of 18 U.S.C. § 844(i). (See ECF No. 12.) On October 7, 2022, the Honorable Robert M. Levy, United States Magistrate Judge, released the defendant pursuant to a bond of $100,000. (See ECF No. 20.) On January 18, 2024, the defendant pleaded guilty before Magistrate Judge Levy to a superseding information charging him with possessing explosive materials while an unlawful user of and addicted to a controlled substance in violation of 18 U.S.C. § 842(i). (See ECF Nos. 42-43.)

---

[2] The government understands that the defendant uses they/them pronouns and thus uses those pronouns herein.

II.  Applicable Law

The Supreme Court has explained that the Court "should begin all sentencing proceedings by correctly calculating the applicable range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted). Title 18, United States Code, Section 3553(a) provides, in part, that in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant.

Section 3553 also recognizes the need to afford the defendant opportunities for rehabilitation. See 18 U.S.C. § 3553(a)(2)(D). Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence. The district court must also "remain cognizant of them throughout the sentencing process." Gall, 552 U.S. at 50 n.6.

III.  The Sentencing Guidelines

The United States Probation Department ("Probation") has calculated the defendant's Guidelines as follows:

| | |
|---|---|
| Base Offense Level (U.S.S.G § 2K1.4(a)(1)) | 24 |
| Less: Acceptance of Responsibility (U.S.S.G. §§ 3E1.1(a) and (b)) | -3 |
| Total: | 21 |

(PSR ¶¶ 14–23.) Because the defendant is in Criminal History Category ("CHC") I, the advisory Guidelines range is 37 to 46 months' imprisonment. (Id. ¶ 106.)

The government agrees with Probation's Guidelines calculation.

3

IV.     A Guidelines Sentence is Appropriate

The government respectfully submits that a sentence within the applicable Guidelines range of 37-46 months is appropriate under 18 U.S.C. § 3553(a).

The seriousness of the defendant's conduct cannot be overstated. Their decision to use an explosive device to set fire to a business—a night club and bar occupied by employees preparing for that night's business—was incredibly dangerous. The choice of explosive device presented a particularly severe risk of danger because the defendant could not control who or what would be harmed by the fire set by the gasoline-paper mixture. The fire spread quickly, severely damaging the Building and threatening human life, and injuring two individuals within Rash. That the defendant's conduct caused Rash to have to close its operations for more than two years warrants punishment. The "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), and the "seriousness of the offense," id. § 3553(a)(2)(A), thus merit a substantial sentence.

A Guidelines sentence is also necessary to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Given the gravity of the offense and the potentially catastrophic damage that might have occurred, this Court should make clear to anyone contemplating similar actions that such an offense will be punished severely. There is also a strong need for individual deterrence. The government acknowledges that the defendant has struggled with significant mental health challenges and substance abuse. The government further acknowledges the significant progress the defendant has made in their mental health treatment, including through approximately two years of in-patient and out-patient treatment. (See PSR ¶¶ 42-81.) Nonetheless, the government believes that, in light of the dangerousness of the defendant's conduct, a sentence within the applicable Guidelines range is appropriate here.

V.      Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the applicable Guidelines range, that is, between 37 to 46 months' imprisonment.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/ John O. Enright
        John O. Enright
        Assistant U.S. Attorney
        (718) 254-6203

cc:     Clerk of Court (FB) (by ECF and E-mail)
        Counsel of Record (by ECF and E-mail)
        U.S. Probation Officer Meghan Wing (by E-mail)